STEVEN D. MEACHAM, ESQ.
WSBA No. 23260
**PEEL BRIMLEY LLP**
3333 E. Serene Avenue, Suite 200
Henderson, Nevada 89074-6571
Telephone : (702) 990-7272
Facsimile : (702) 990-7273
smeacham@peelbrimley.com
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA For the Use and Benefit of JAMES TALCOTT CONSTRUCTION, INC., a Montana Corporation,<br><br>Plaintiff,<br>vs.<br><br>GARCO CONSTRUCTION, INC., a Washington Corporation, and TRAVELERS CASUALTY & SURETY CO. OF AMERICA, a Connecticut Corporation,<br><br>Defendants. | No. CV-10-131-TOR<br><br>**AMENDED COMPLAINT** |

Plaintiff, James Talcott Construction, Inc., by and through its attorney, Steven D. Meacham of the law firm PEEL BRIMLEY LLP, and for its claim alleges as follows:

## I.    JURISDICTION AND VENUE

1. This is an action brought under the provisions of 40 U.S.C. § 3131, *et seq.*, commonly known as "The Miller Act."

2. This Court has jurisdiction over this action and venue is appropriate pursuant to the provisions of 40 U.S.C. § 3133(b)(3)(A). This Court further has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

///

///

///

## II. PARTIES

3. Plaintiff, James Talcott Construction, Inc. (hereinafter "JTC"), is a corporation duly organized and existing under the laws of the State of Montana, having its principal place of business located in Great Falls, Montana. At all times relevant hereto, JTC has been engaged in construction projects as a general contractor and as a subcontractor to various entities.

4. Defendant, Garco Construction, Inc. (hereinafter "Garco"), is a corporation duly organized and existing under the laws of the State of Washington, having its principal place of business located in Spokane, Washington. Garco is authorized to do business in the State of Montana, having a place of business located in Great Falls, Montana. At all times relevant hereto, Garco has been engaged in construction projects as a prime contractor to various entities, including the U.S. Army Corps of Engineers.

5. Defendant, Travelers Casualty & Surety Co. of America (hereinafter "Travelers"), is a corporation duly organized and existing under the laws of the State of Connecticut, having its principal place of business located in Hartford, Connecticut. Travelers is authorized to do business as a corporate surety in the State of Montana. At all times relevant hereto, Travelers has been engaged in the business of corporate paid suretyship.

## III. BREACH OF CONTRACT - LABOR CLAIMS

6. JTC incorporates by reference each and every allegation as set forth in Paragraphs 1 through 5 above.

7. On or about August 03, 2006, the U.S. Army Corps of Engineers (hereinafter referred to as the "COE") entered into a written contract, No. W912DW-06-C-0019, under the terms of which Garco was to furnish all labor and materials and perform all work necessary for completion of the Phase VI Housing Project located at Malmstrom Air Force Base, Great Falls, Montana (hereinafter referred to as "Phase VI Housing Project"), in consideration for payment of the sum of $57,608,500.00.

///
///

8. Pursuant to the terms The Miller Act and in compliance with the terms of Contract No. W912DW-06-C-0019, Garco, as principal, and Travelers, as surety, executed on August 10, 2006, a Payment Bond, No. 104766470, by which they bound themselves jointly and severally in the penal sum of $57,608,500.00 to the United States of America to assure payment of claims of all persons supplying labor and materials in the prosecution of the work on the Phase VI Housing Project under Contract No. W912DW-06-0019. Payment Bond No. 104766470 was duly accepted by the United States of America.

9. After entering into Contract No. W912DW-06-0019 with the United States of America, Garco then entered into direct subcontractual relationships with JTC, whereby JTC agreed to perform:

  (a) rough carpentry work, including floor framing, floor joists, glue-lam beams and decks, interior and exterior wall framing, etc. under Subcontract No. SC#064000-011 dated September 19, 2006 in the amount of $2,975,604.00;

  (b) concrete work, including installation of rebar cages and concrete for caissons, all site concrete, etc. under Subcontract No. SC#064000-008 dated September 19, 2006 in the amount of $5,033.543.00; and

  (c) install roofing system complete including roof edge flashing, step flashing, wall flashing, etc. under Subcontract No. SC#064000-012 dated September 19, 2006 in the amount of $789,155.00.

All subcontracts were to be performed pursuant to the contract plans and specifications for the said Phase VI Housing Project.

10. JTC performed its work under the subcontracts with Garco:

  (a) on framing Subcontract No. SC#064000-011 beginning in August of 2006, with a last day of completion being November 23, 2008;

  (b) on concrete Subcontract No. SC#064000-008 beginning in August of 2006, with a last day of completion being July 12, 2009; and

///

      (c)    on roofing Subcontract No. SC#064000-012 beginning in August of 2006, with a last day of completion being January 12, 2009.

11. JTC estimated and bid the Phase VI Housing Project subcontracts based upon the bid documents, and its many years of experience in commercial and residential construction and its specific prior experience working on projects for the COE at Malmstrom Air Force Base.

12. JTC prepared its estimate based on it being able to use its existing personnel and on it being able to hire additional experienced and qualified framing personnel from within the local labor market. Further, JTC prepared its estimate based on specifications set forth in Contract No. W912DW-06-C-0019 between Garco and the COE and the FARS, which specifically provide for the use of "convict labor." Section 52.222-3, p. 46, Contract No. W912DW-06-C-0019.

13. JTC has in the past hired individuals from the Great Falls, Montana area some of whom have had a record of misdemeanor or felony convictions, such as driving while intoxicated, issuing bad checks, current unpaid traffic warrants, etc., and may currently be on probation or work release. JTC has never hired, nor did it anticipate, hiring individuals who have been convicted of crimes involving sexual offenses. These hiring practices began during a period starting in 2001 and continuing through the present time.

14. After JTC's bid had been accepted, the subcontracts awarded and JTC had started work under the subcontracts, Garco was informed by the COE at Malmstrom Air Force Base, that no individual with a history of a felony convictions or no individual on probation or work release regardless of the nature of the offense, would be permitted access to Malmstrom Air Force Base. This policy is contrary to the general contract specifications, and JTC's prior experience with staffing and retaining qualified personnel to fulfill its contractual obligations at Malmstrom Air Force Base.

///

///

///

15. During the course of JTC's work on the Phase VI Housing Project, additional labor restrictions were unilaterally implemented at Malmstrom Air Force Base. Said additional restrictions were contrary to the general contract specifications, hindered JTC's ability to draw from a qualified, local labor pool, and resulted in JTC being unable to achieve historical productivity rates upon which its original framing bid was based.

16. JTC suffered significant labor interruption, delays and cost overruns in the labor budget due to the aforementioned cardinal changes to the project specifications. These cost overruns are directly associated with the changes in policy regarding access to Malmstrom Air Force Base.

17. Due to the unknown and unanticipated cardinal changes and additional restrictions implemented at Malmstrom Air Force Base regarding JTC's personnel, JTC experienced an increase in administrative costs to effectively manage its subcontracts.

### IV.    BREACH OF IMPLIED WARRANTY

18. JTC incorporates by reference each and every allegation as set forth in Paragraphs 1 through 17 above.

19. Garco's award of the subcontracts to JTC impliedly warranted the sufficiency and suitability of the specifications allowing the use of convict labor on the Phase VI Housing Project.

20. Garco breached the above-mentioned implied warranty of the labor specifications on the aforementioned Phase VI Housing Project causing damages to JTC in an amount to proven at trial.

### V.    BREACH OF CONTRACT - CONSTRUCTION WORK ITEMS

21. JTC incorporates by reference each and every allegation as set forth in Paragraphs 1 through 20 above.

22. On March 04, 2008, JTC initiated a Request for Equitable Adjustment to Garco associated with several different issues and direct cost changes to the subcontracts that had arisen during performance of its subcontracts with Garco.

///

23. On May 05, 2008, Garco provided a response to JTC's Request that denied several of JTC's claims and provided some subcontract revisions.

24. By denying JTC's Request for Equitable Adjustment, Garco breached its subcontracts with JTC as follows:

 (a) Garco required window installation changes and window fix designs contrary to the window manufacturer recommendations that caused JTC to incur added costs resulting from the modified window installation as well as increased time resulting from that installation;

 (b) construction delays caused by Garco crane operations on the job site not caused or contributed to by JTC that caused JTC to incur additional overhead costs;

 (c) additional costs and delays incurred by JTC in the installation of roofing vents caused by Garco's failure to provide plumbing and HVAC roof vent jacks by other subcontractors in a timely manner;

 (d) added labor and rental costs for the use of JTC's own crane and operator, even though Garco was contractually obligated to provide all hoisting equipment required for JTC's performance of its subcontracts;

 (e) failure by Garco to provide temporary electrical power on the job site, and the failure by Garco to keep electric generators operating causing JTC additional power costs and delays over the course of construction;

 (f) during the course of construction, Garco directed JTC to install curbs which were originally deleted by the COE resulting in additional direct costs to JTC that were rejected by Garco;

 (g) Garco required additional hold-down detail which previously did not exist in the plans or specifications after JTC had begun framing exterior walls, and after grade beams had been poured causing JTC to expend over 800 man-hours to install hold-down anchors;

///

  (h)  JTC was required by Garco to install pocket doors which were not part of its original framing subcontract and failed to reimburse JTC for the additional cost and labor;

  (i)  Garco supplied concrete formwork material as part of its subcontract with JTC. JTC requested that Garco provide an adequate quantity of retained formwork to complete a full building pour schedule, thereby allowing JTC to be more efficient and make faster progress under its concrete subcontract. Garco failed to provide an adequate concrete forming system for a full building thereby causing JTC to expend additional man hours on the second concrete forming system.

As a result of the aforementioned acts and omissions by Garco that breached its duties owed under its subcontract with JTC, JTC incurred delay damages and additional, unforeseen labor costs, equipment rental, and materials costs necessary to complete its work on the Phase VI Housing Project at Malmstrom Air Force Base.

## VI. DIMINUTION IN BONDING CAPACITY

25. JTC incorporates by reference each and every allegations as set forth in Paragraphs 1 through 24 above.

26. As a result of the cost overruns in labor and administrative costs, and the uncompensated direct cost increases alleged in Sections III, IV, and V above, JTC's financial position has been compromised resulting in a reduction to its bonding capacity and its ability to bid and procure additional work causing pecuniary damages and lost profits to JTC.

27. Garco and Travelers are jointly and severally liable for all damages incurred by JTC as set forth herein.

/ / /

/ / /

/ / /

**PRAYER FOR RELIEF**

WHEREFORE, James Talcott Construction, Inc. respectfully requests Judgment against Garco Construction, Inc. and Travelers Casualty & Surety Co. of America as follows:

1. For damages caused by all additional unpaid labor and direct construction costs to be determined at trial of this matter, together with prejudgment interest thereon;

2. For all damages caused by Garco's breach of implied warranty of the contract specifications,

3. For all damages caused by loss or diminished bonding capacity of JTC;

4. For its reasonable attorney's fees and costs in having to prosecute this action;

5. For such other and further relief as deemed just and equitable by the Court.

Dated this 26th day of December, 2018.

PEEL BRIMLEY LLP


_/s/ Steven D. Meacham, Esq._
STEVEN D. MEACHAM, ESQ.
WSBA No. 23260
3333 E. Serene Avenue, Suite 200
Henderson, Nevada 89074-6571
Telephone : (702) 990-7272
Facsimile  : (702) 990-7273
smeacham@peelbrimley.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 26th day of December, 2018, a copy of the foregoing document was served on the following persons by the following means:

|   |   |
|---|---|
| __X__ | CM/ECF |
| _____ | Hand Delivery |
| _____ | Mail |
| _____ | Overnight Delivery Service |
| _____ | Fax |
| _____ | E-mail |

Clerk, U.S. District Court

William M. Symmes, Esq.
Michael J. Kapaun, Esq.
WITHERSPOON · KELLEY
WMS@witherspoonkelley.com
mjk@witherspoonkelley.com
*Attorneys for Defendant*

_____
An employee of **PEEL BRIMLEY, LLP**